ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
PERRY, SPANN & WESTBROOK
A Professional Corporation
1701 W. Charleston Blvd., Suite 200
Las Vegas, Nevada 89102
(702) 870-2400 Telephone
(702) 870-8220 Facsimile
awestbrook@perryspann.com

PAUL V. KAULAS, ESQ.
Illinois Bar No. 6184224
McVEY & PARSKY, LLC
30 North LaSalle Street, Suite 2100
Chicago, Illinois 60602
(312) 551-2130 Telephone
(312) 551-2131
pvk@mcveyparsky-law.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ERICA STEWART, an individual

                 Plaintiff               Case No. 3:05-CV-656-RAM

vs.

HOME DEPOT U.S.A., INC.,
a Delaware Corporation; HOME
DEPOT YOUR OTHER WAREHOUSE,
LLC, a Delaware limited liability company,

                 Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

Page 1 of 4

**FINDINGS OF FACT**

The following are the factual determinations made by the Court at the conclusion of Plaintiff's case in chief:

(a)    Erica Stewart of 7425 Indian Springs Drive, Sparks, Nevada was born on October 16, 1970.

(b)    Erica Stewart was a self-employed painting contractor working out of her home at the time of her accident.

(c)    Home Depot U.S.A., Inc. is a retailer of various tools including ladders.

(d)    The accident ladder is a Werner Model D1120-2, 20-foot aluminum extension ladder with a 17-foot maximum extension.  It was manufactured in February, 2008.

(e)    The accident ladder met ANSI A14.2 performance requirements.

(f)    That on July 30, 2003 Ms. Stewart fell while using the accident ladder in order to spray paint a wall in the interior of a home located at 2881 Oxley, Sparks, Nevada.

(g)    At the time of the accident, the accident ladder was extended to 16 feet and set on construction paper which covered the room's Pergo flooring.

(h)    On the day of her accident before her fall, Ms. Stewart climbed and descended the accident ladder in order to spray paint the interior of a wall on two occasions. While wearing a respirator and goggles, she painted using an airless spray gun attached to its pump which was set upon construction paper on the floor.  A hose connected the pump to the sprayer.  After her third climb up the ladder, Ms. Stewart's fall occurred as she stood on the ladder and sprayed above her head while masking off a portion of the window frame with a piece of cardboard.

(i)    Ms. Stewart fell downward upon the ladder.

/ / /

(j)     Post-accident, the ladder damage consisted of an "L" configuration with the fly section of the "L" parallel to the wall against which the ladder had been leaned.

(k)     Post-accident, the accident ladder was metallurgically tested.  The ladder rails met both the tensile testing requirements as well as the specified alloy for the Model D1120-2.  Thus, it was concluded that there were no manufacturing defects in the accident ladder.

(l)     The Plaintiff purchased the accident ladder a minimum of six months prior to the subject accident.  The Plaintiff did not testify that she purchased the accident ladder from the either Defendant.

(m)     During the at least six month ownership of the ladder by the Plaintiff the accident ladder had been in the possession of other employees of the Plaintiff on different painting assignments on at least two occasions.

(n)     The only individual testifying on behalf of the Plaintiff during Plaintiff's case in chief was the Plaintiff.

The Plaintiff had not been designated as an expert prior to trial, did not testify regarding expert qualifications, nor did she proffer herself as an expert in either medical damages or ladder design/manufacture.

## CONCLUSIONS OF LAW

Based upon the Complaint filed by the Plaintiff in this matter, as well as the Pretrial Order signed by Plaintiff and Defendant in this matter, the sole cause of action remaining to be determined at trial was a claim of product liability based upon a claimed design defect.

While the Court agrees that an expert witness providing opinion testimony is not required in every case, "a plaintiff must present expert testimony when laymen would lack the necessary knowledge and experience to render a just and proper decision."  Jones v. Toyota Motor Sales,

USA, Inc., 282 F.Supp.2d 274, 276 (E.D.Pa., 2003)[See also Bauman v. Volkswagenwek Aktiengesellschaft, 621 F.2d 230, 234 (6th Cir. 1980); Alves v. Mazda Motor of Am., 448 F.Supp.2d 285, 297 (D.Mass. 2006); Further, Mississippi, Alabama, Texas, Washington, and Arizona follow similar rule].

In the instant matter, where the subject ladder had been purchased several months prior to the subject accident, and had been used by, and transported by, other individuals multiple times prior to the subject accident, an expert witness is required to opine that a claimed design defect existed in the accident ladder and that the design defect was a proximate cause of Plaintiff's fall.

After Plaintiff rested her case, having been fully heard on the only remaining claim for product liability based upon an alleged design defect in the accident ladder, the Court finds that because the Plaintiff failed to present expert testimony supporting her claim of a design defect related to the subject ladder, and proximity between design defect and the Plaintiff's fall, the Court finds that there is no legally sufficient evidentiary basis for a finding in favor of the Plaintiff as a matter of law.

Therefore, Court hereby Grants Defendants Motion for Judgment as a Matter of Law based upon FRCP Rule 52(c).

**LET JUDGMENT ENTER ACCORDINGLY.**

DATED: April 15, 2009.

_____
UNITED STATES MAGISTRATE JUDGE